46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ed Avila GARCIA, Plaintiff-Appellant,
v.
Brian S. GUNN; H. A. Rippetoe; P. D. Washington; P. Perkins;
D. V. Rothchild, Defendants-Appellees.
 No. 94-55722.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ed Avila Garcia, a California state prisoner, appeals pro se the district court's summary judgment in favor of the defendants, prison officials, in his 42 U.S.C. Sec. 1983 action. In his complaint, Garcia alleged that the defendants were deliberately indifferent to his Eighth Amendment right to be free from cruel and unusual punishment when they denied him access to out-of-cell exercise while he was in administrative segregation. We have jurisdiction under 28 U.S.C. Sec. 1291, and we reverse and remand.
 
 
 3
 Before entering summary judgment, district courts must provide pro se prisoner litigants with fair notice of the requirements for responding to a motion for summary judgment under Fed. R. Civ. P. 56. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988). Courts must advise pro se prisoner litigants that they need to submit responsive evidence to ward off summary judgment under Rule 56(e). Id. at 411; see also Jacobsen v. Filler, 790 F.2d 1362, 1365 n.8 (9th Cir. 1986) (a pro se prisoner "should 'be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him"') (quoting Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam)). Moreover, courts cannot avoid giving the required advice based on a determination that a prisoner has the requisite sophistication in legal matters. Klingele, 849 F.2d at 411.
 
 
 4
 Here, the defendants filed a motion for summary judgment supported by affidavits. Garcia did not file any opposition to the defendants' motion. The district court granted summary judgment for the defendants because Garcia failed to raise any genuine issue of material fact precluding entry of judgment as a matter of law. There is nothing in the record indicating that the district court advised Garcia of the Rule 56 requirements.
 
 
 5
 Therefore, because there was no showing that the district court advised Garcia that he had to submit responsive evidence to prevent summary judgment under Rule 56(e), we reverse the district court's summary judgment and remand for the district court to provide such instructions and allow Garcia an opportunity to respond. See Klingele, 849 F.2d at 411-13.
 
 
 6
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3